UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04MC-14-H

TRANSPORTATION MANAGEMENT AND
CONSULTING, INC., et al.                                                                                    PLAINTIFFS


V.


BLACK CRYSTAL COMPANY, INC., et al.                                                               DEFENDANTS


**MEMORANDUM AND ORDER**

At the Court's invitation, Assuranceforeningen Skuld ("Skuld") moves for an award of attorney's fees against Black Crystal Company, Inc. ("Black Crystal") and its attorney, Patrick T. Hall ("Hall").  The Court has the power to impose sanctions under Rule 11, Federal Rules of Civil Procedure, as well as under its inherent powers to penalize bad faith conduct.  *First Bank of Marietta v. Hartford Underwriters Insurance Co.*, 307 F.2d 501, 511 (6th Cir. 2002).

In this Court's view, the action against Skuld should not have been brought at all and most certainly not in the manner that occurred.  By ex parte motion Black Crystal and Hall obtained the Letters Rogatory from this Court to include Skuld under false pretenses.  In essence, Black Crystal and Hall represented to this Court that Skuld had been a party to the original case and judgment had been entered against Skuld.  Neither of these assertions turned out to be true. The Court was misled by the ex parte request for Letters Rogatory.  Black Crystal's and Hall's attempts to obtain the Letters Rogatory are even all the more astonishing in view of the proceedings in Louisiana which most likely bar Skuld's liability for a judgment debt of the

original defendants. Even if an ex parte motion was proper, the party seeking it has a duty of full and accurate disclosure to the Court. This did not occur.

Under the circumstances, the Court concludes that Black Crystal and Hall have no reasonable excuse for its inclusion of Skuld in the Letters Rogatory and its failure to provide Skuld notice of these new proceedings. Skuld required significant expense to undo the injustice. The Court has reviewed Skuld's specific request for fees. However, the Court cannot award a judgment for sanctions without better evidence of Skuld's actual expenses.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the conduct of Black Crystal and Patrick T. Hall amounts to bad faith sanctionable by this Court.

IT IS FURTHER ORDERED that on or before **May 16, 2005**, Skuld shall file evidence of its attorney's fees. Black Crystal and Hall shall have until **May 26, 2005**, to file an objection.

cc: Counsel of Record